UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-cv-21040-UNGARO/O'SULLIVAN

ISMANY BERNAL

        Plaintiff,

V.

CONCORD HOSPITALITY
ENTERPRISES COMPANY,
LLC d.b.a. HYATT PLACE MIAMI
AIRPORT EAST and MIA LEJEUNE,
LLC d.b.a. HYATT PLACE MIAMI
AIRPORT EAST also d.b.a. CONCORD
MANAGER, LLC,

        Defendants.

## AMENDED COMPLAINT

1.  Plaintiff, ISMANY BERNAL, by and through the undersigned counsel, pursuant
    to Federal Rule of Civil Procedure 15(a)(1)(B), files this Amended Complaint
    against Defendants, CONCORD HOSPITALITY ENTERPRISES COMPANY,
    LLC d.b.a. HYATT PLACE MIAMI AIRPORT EAST and MIA LEJEUNE,
    LLC d.b.a. HYATT PLACE MIAMI AIRPORT EAST also d.b.a. CONCORD
    MANAGER, LLC, (collectively "Defendants" or "Hyatt"),  as a matter of course
    within 21 days of the filing of Defendants' responsive pleading [ECF No. 6],  and
    brings this action under the retaliatory discharge provisions of Florida Statute
    Chapter 440, for violations of the Florida Civil Rights Act (FCRA), §§ 760.01 *et
    seq.*, Fla. Stat. § 440.205 (2003), Title VII of the Civil Rights Act of 1964 ("Title
    VII"), 42 U.S.C. §§ 2000e *et seq.*, the Americans with Disabilities Act (ADA), 42

U.S.C. §§ 12101 *et seq.*, the Family and Medical Leave Act, 29 U.S.C. Chapter 28 (as amended) ("FMLA") and Florida case law for wrongful termination, and states as follows:

## PARTIES, VENUE AND JURISDICTION

2. Plaintiff is a resident of Miami-Dade County, Florida, and which at all relevant times hereto was an employee of Defendants. Plaintiff is over the age of 18 and is otherwise *sui juris*.

3. Defendants, HYATT CORPORATION d.b.a. HYATT PLACE MIAMI AIRPORT EAST, MIA LEJEUNE, LLC d.b.a. HYATT PLACE MIAMI AIRPORT EAST, CONCORD HOSPITALITY ENTERPRISE COMPANY d.b.a. HYATT PLACE MIAMI AIRPORT EAST and CONCORD MANAGER, LLC d.b.a. HYATT PLACE MIAMI AIRPORT EAST, are for Profit Corporations duly authorized to engage in business in the State of Florida, which at all relevant times hereto were Plaintiff's employer. Defendants' principle place of business is in Miami, Florida. Defendants are otherwise *sui juris*.

4. Venue is proper in Miami-Dade County because Defendants employed Plaintiff in Miami-Dade County, and because the causes of action otherwise occurred in Miami-Dade County.

5. The amount in controversy exceeds $15,000.

## EEOC CONDITIONS PRECEDENT

6. On July 3, 2018, Plaintiff timely filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC).

7. On September 28, 2018, the EEOC issued Plaintiff a Notice of Right to Sue. Plaintiff filed its original Complaint within 90 days of receipt of the Notice of Right to Sue.

8. Plaintiff has fully complied with all prerequisites to jurisdiction in this Court under the EEOC.

9. Contemporaneously with the filing of this Complaint, Plaintiff filed with The *Florida Commission on Human Relations*.

## FMLA CONDITIONS PRECEDENT

10. Defendants are an "employer" for purposes of the FMLA because it is engaged in an industry or activity affecting commerce and it has employed 50 or more employees for each working day during each of 20 or more calendar weeks in the current or preceding calendar year and/or Defendants were eligible employers pursuant to the Family Medical Leave Act and/or The Defendants are employers as defined under the FMLA.

11. Plaintiff is an "eligible employee" for purposes of FMLA coverage, i.e. employed for at least 12 months by Defendants and provided at least 1,250 hours of service in the 12 months immediately preceding the need for leave (Plaintiff was an eligible employee of Defendants as defined by the FMLA).

12. Defendants has the minimum number of employees and/or Plaintiff was entitled to FMLA leave because of a qualifying reason as defined by the FMLA (and was in fact approved for FMLA leave by Defendants).

13. Plaintiff gave Defendants proper notice of intent to take leave under the FMLA after expressly notifying Defendants, which alerted the Defendants of the need for

medical leave. As such, Defendants possessed actual knowledge of Plaintiff's serious health condition and need for leave.

## COUNT I

## WORKERS COMPENSATION RETALIATION

14. Plaintiff re-alleges paragraph 1-5.

15. Plaintiff was always qualified for his job.

16. Plaintiff was involved in a work-related injury and repeatedly notified his supervisor Mike and others of his work injury starting in late 2016.

17. No treatment or benefits were offered to Plaintiff but instead, Plaintiff was told to take vacation, see your own doctor, etc.

18. Plaintiff filed a claim for workers compensation benefits in March 2018.

19. Plaintiff was terminated in retaliation for filing a claim for workers compensation benefits on or about March 21, 2018.

20. Plaintiff was terminated due to his work place injury, need for workers compensation benefits and because he began a claim for workers compensation.

21. Plaintiff timely made the Workers' Compensation claim to the employer.

22. Plaintiff's employment with Defendants was terminated without good cause and, instead, motivated by the worker's compensation claim.

23. Fla. Stat. § 440.205 states: No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law. (Fla. Stat. § 440.205, (2003)).

24. As a result of Plaintiff's filing or attempts to file a claim for workers' compensation benefits, Defendants discharged and/or threatened to discharge Plaintiff.

25. Defendants' actions were willful, wanton, and outrageous and without regard for Plaintiff's rights.

26. Because of Defendants' actions, Plaintiff has suffered economic and emotional damages.

27. WHEREFORE, Plaintiff demands judgment against Defendants and relief in the form of: economic damages, including lost wages, benefits, and other remuneration; fringe benefits; front and back pay; any other compensatory damages allowable under law; attorney's fees to the extent permitted by law and costs, emotional distress damages, prejudgment and post judgment interest and any other relief the court deems appropriate.

## COUNT II
### Unlawful Termination in Violation of the FCRA

28. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 9 with the same force as though separately alleged herein.

29. The FCRA prohibits employers from discriminating against employees on the basis of disability.

30. Since 2016, Plaintiff gave Defendants notice of his disability/medical conditions, need for accommodations, etc.

31. Defendants knew and/or perceived Plaintiff to be disabled as they instructed Plaintiff to go see his own doctor about his disability/medical issues, to take personal time off work, etc.

32. Defendants discriminated against Plaintiff based on his disability and/or perceived disability by terminating his employment because of his disability.

33. Plaintiff could have performed the essential job duties of his position had Defendants provided reasonable accommodations, such as no heavy lifting, medical leave, among others.

34. As such, Defendants has violated the FCRA.

35. As a direct and proximate consequence of Defendants' disability discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

36. Defendants' discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's protected rights.  Accordingly, Plaintiff is entitled to an award of punitive damages against Defendants.

37. Plaintiff has retained the law offices of the undersigned attorney to represent his in this action and is obligated to pay a reasonable attorney's fee.

38. WHEREFORE, Plaintiff requests economic, compensatory and punitive damages, pre-judgment interest, and reasonable attorney's fees and costs from Defendants, pursuant to the FCRA as cited above, to be proven at the time of trial for damages owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the FCRA, whichever is greater, along with court costs and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT III
### Unlawful Retaliation in Violation of the FCRA

39. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 9 with the same force as though separately alleged herein.

40. The FCRA prohibits employers from retaliating against employees on the basis of entering into protected activity.

41. Since 2016, Plaintiff gave Defendants notice of his disability/medical conditions, need for accommodations, complaints of disability discrimination, etc.

42. Defendants retaliated against Plaintiff by terminating, ignoring and delaying request for accommodations in 2016, 2017 and 2018, instructing Plaintiff to go see his own doctor about his disability/medical issues, to take personal time off work instead of granting medical leave, reprimanding Plaintiff after his request for accommodation and complaints of discrimination, terminating Plaintiff, etc.

43. Plaintiff could have performed the essential job duties of his position had Defendants provided reasonable accommodations, such as no heavy lifting, medical leave, among others.

44. As such, Defendants has violated the FCRA.

45. As a direct and proximate consequence of Defendants' retaliation, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

46. Defendants' retaliatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's protected rights.  Accordingly, Plaintiff is entitled to an award of punitive damages against Defendants.

47. Plaintiff has retained the law offices of the undersigned attorney to represent his in this action and is obligated to pay a reasonable attorney's fee.

48. WHEREFORE, Plaintiff requests economic, compensatory and punitive damages, pre-judgment interest, and reasonable attorney's fees and costs from Defendants, pursuant to the FCRA as cited above, to be proven at the time of trial for damages owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the FCRA, whichever is greater, along with court costs and any and all other relief which this Court deems reasonable under the circumstances.

**COUNT IV**
**Failure to Provide a Reasonable Accommodation in Violation of the FCRA**

49. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 9 with the same force as though separately alleged herein.

50. The FCRA requires an employer to engage in an interactive process to identify reasonable accommodations for an otherwise qualified employee with a disability.

51. In 2016, 2017 and 2018, Plaintiff gave Defendants notice of his disability/medical conditions, need for accommodations, etc.

52. Defendants simply denied Plaintiff any help and would brush off any requests by instructing Plaintiff to go see his own doctor about his disability/medical issues, to take personal time off work, etc.

53. Plaintiff could have performed the essential job duties of his position had Defendants provided reasonable accommodations, such as no heavy lifting, medical leave, among others.

54. Defendants violated the FCRA when it refused to grant Plaintiff's request for a reasonable accommodation for his disability and failed to engage in the

mandatory interactive process to provide a reasonable accommodation for Plaintiff's disability.

55. As a direct and proximate consequence of Defendants' failure to accommodate his disability, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

56. Defendants' discriminatory treatment of Plaintiff was willful and in reckless disregard of Plaintiff's protected rights.  Accordingly, Plaintiff is entitled to an award of punitive damages.

57. Plaintiff has retained the law offices of the undersigned attorney to represent his in this action and is obligated to pay a reasonable attorney's fee.

58. WHEREFORE, Plaintiff requests economic, compensatory and punitive damages, pre-judgment interest, and reasonable attorney's fees and costs from Defendants, pursuant to the FCRA as cited above, to be proven at the time of trial for damages owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the FCRA, whichever is greater, along with court costs and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT V
### Failure to Provide a Reasonable Accommodation in Violation of the ADA

59. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 9 with the same force as though separately alleged herein.

60. The ADA requires an employer to engage in an interactive process to identify reasonable accommodations for an otherwise qualified employee with a disability.

61. In 2016, 2017 and 2018, Plaintiff gave Defendants notice of his disability/medical conditions, need for accommodations, etc.

62. Defendants simply delayed and denied Plaintiff any help and would brush off any requests by instructing Plaintiff to go see his own doctor about his disability/medical issues, to take personal time off work, etc.

63. Defendants discriminated against Plaintiff in violation of the ADA when it failed to engage in the interactive process to identify and provide a reasonable accommodation for Plaintiff.

64. Defendants' employment policies and practices are inherently discriminatory towards people with disabilities because they make no exceptions for accommodating employees in need of time off to recover from or treat a temporary disability.

65. Defendants violated the ADA when it refused to grant Plaintiff's request for a reasonable accommodation for his disability and failed to engage in the mandatory interactive process to provide a reasonable accommodation for Plaintiff's disability.

66. Plaintiff could have performed the essential job duties of his position had Defendants provided reasonable accommodations, such as no heavy lifting, medical leave, among others.

67. As a direct and proximate consequence of Defendants' failure to accommodate his disability, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

68. Defendants' discriminatory treatment of Plaintiff was willful and in reckless disregard of Plaintiff's protected rights.  Accordingly, Plaintiff is entitled to an award of punitive damages.

69. Plaintiff has retained the law offices of the undersigned attorney to represent his in this action and is obligated to pay a reasonable attorney's fee.

70. WHEREFORE, Plaintiff requests economic, compensatory and punitive damages, pre-judgment interest, and reasonable attorney's fees and costs from Defendants, pursuant to Title VII as cited above, to be proven at the time of trial for damages owing from Plaintiff's entire employment period with Defendants, or as much as allowed by Title VII, whichever is greater, along with court costs and any and all other relief which this Court deems reasonable under the circumstances.

**COUNT VI**
**Unlawful Termination in Violation of the ADA**

71. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 9 with the same force as though separately alleged herein.

72. The ADA prohibits an employer from discriminating against an employee in terms, conditions, or privileges of employment on the basis of disability.

73. Defendants' employment policies and practices are inherently discriminatory towards people with disabilities because they make no exceptions for accommodating employees in need of time off to recover from or treat a temporary disability.

74. In 2016, 2017 and 2018, Plaintiff gave Defendants notice of his disability/medical conditions, need for accommodations, etc.

75. Defendants refused and/or perceived Plaintiff to be disabled as they instructed Plaintiff to go see his own doctor about his disability/medical issues, to take personal time off work, etc.

76. Defendants discriminated against Plaintiff on the basis of his disability by terminating his employment based on his disability.

77. As such, Defendants has violated the ADA.

78. As a direct and proximate consequence of Defendants' disability discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

79. Plaintiff could have performed the essential job duties of his position had Defendants provided reasonable accommodations, such as no heavy lifting, medical leave, among others.

80. Defendants' discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's protected rights.  Accordingly, Plaintiff is entitled to an award of punitive damages against Defendants.

81. Plaintiff has retained the law offices of the undersigned attorney to represent his in this action and is obligated to pay a reasonable attorney's fee.

82. WHEREFORE, Plaintiff requests economic, compensatory and punitive damages, pre-judgment interest, and reasonable attorney's fees and costs from Defendants, pursuant to the ADA as cited above, to be proven at the time of trial for damages owing from Plaintiff's entire employment period with Defendants, or as much as

allowed by the ADA, whichever is greater, along with court costs and any and all other relief which this Court deems reasonable under the circumstances.

**COUNT VII**
**Interference in Violation of the ADA**

83. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 9 with the same force as though separately alleged herein.

84. The ADA provides that an employer may not "coerce, intimidate, threaten, or interfere with" an employee's exercise of their rights under the ADA or on account of the employee's having exercised their rights under the ADA.

85. Plaintiff exercised his protected rights under the ADA when she requested a reasonable accommodation for his disability.

86. In 2016, 2017 and 2018, Plaintiff gave Defendants notice of his disability/medical conditions, need for accommodations, etc.

87. Defendants refused and/or perceived Plaintiff to be disabled as they instructed Plaintiff to go see his own doctor about his disability/medical issues, to take personal time off work, etc.

88. Defendants violated the ADA when it interfered with Plaintiff's exercise of his ADA-protected rights by reprimanding, failing to engage in the interactive process, failing to provide reasonable accommodations, brushing off requests, threatening to fire, delaying and firing, etc.

89. Plaintiff could have performed the essential job duties of his position had Defendants provided reasonable accommodations, such as no heavy lifting, medical leave, among others.

90. As a direct and proximate consequence of Defendants' ADA interference, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

91. Defendants' discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's protected rights.  Accordingly, Plaintiff is entitled to an award of punitive damages against Defendants.

92. Plaintiff has retained the law offices of the undersigned attorney to represent his in this action and is obligated to pay a reasonable attorney's fee.

93. WHEREFORE, Plaintiff requests economic, compensatory and punitive damages, pre-judgment interest, and reasonable attorney's fees and costs from Defendants, pursuant to the ADA as cited above, to be proven at the time of trial for damages owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the ADA, whichever is greater, along with court costs and any and all other relief which this Court deems reasonable under the circumstances.

**COUNT VIII**
**Retaliation in Violation of the ADA**

94. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 9 with the same force as though separately alleged herein.

95. Plaintiff exercised his protected rights under the ADA when she requested a reasonable accommodation for his disability and complained about discrimination unlawful under the ADA.

96. In 2016, 2017 and 2018, Plaintiff gave Defendants notice of his disability/medical conditions, need for accommodations, etc.

97. Defendants refused and/or perceived Plaintiff to be disabled as they instructed Plaintiff to go see his own doctor about his disability/medical issues, to take personal time off work, etc.

98. Defendants simply denied Plaintiff any help and would brush off any requests by instructing Plaintiff to go see his own doctor about his disability/medical issues, to take personal time off work, etc.

99. Defendants retaliated against Plaintiff when it terminated his employment in response to his requests for reasonable accommodations and complaints about discrimination unlawful under the ADA.

100.    Plaintiff could have performed the essential job duties of his position had Defendants provided reasonable accommodations, such as no heavy lifting, medical leave, among others.

101.    As a direct and proximate consequence of Defendants' ADA retaliation, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

102.    Defendants' discriminatory treatment of Plaintiff was willful and/or reckless disregard of Plaintiff's protected rights.  Accordingly, Plaintiff is entitled to an award of punitive damages against Defendants.

103.    Plaintiff has retained the law offices of the undersigned attorney to represent his in this action and is obligated to pay a reasonable attorney's fee.

104.    WHEREFORE, Plaintiff requests economic, compensatory and punitive damages, pre-judgment interest, and reasonable attorney's fees and costs from

Defendants, pursuant to the ADA as cited above, to be proven at the time of trial for damages owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the ADA, whichever is greater, along with court costs and any and all other relief which this Court deems reasonable under the circumstances.

### COUNT IX

### FMLA Interference

105.     Plaintiff repeats and realleges paragraphs 1 through 5 and 10 through 13 hereof, as if fully set forth herein.

106.     At all relevant times Plaintiff was an employee of Defendants and was qualified.

107.     Plaintiff began working for Defendants on or about September 21, 2015.

108.     At all relevant times Plaintiff was an employee of Defendants and was qualified.

109.     Plaintiff completed all his job duties to a satisfactory level and was qualified for FMLA leave/benefits in 2016, 2017 and 2018.

110.     Plaintiff required medical treatment and recovery time in 2016, 2017 and 2018 due to Defendants' failure to provide Plaintiff with workers compensation benefits.

111.     Plaintiff gave proper notice but was ignored and/or denied.

112.     Defendants interfered, restrained, intimidated, deterred Plaintiff from using FMLA leave and/or benefits.

113.     Plaintiff requested were based on a good faith, Plaintiff was eligible for
FMLA leave; Plaintiff was entitled to FMLA leave; Plaintiff gave Defendants
proper notice of the need for leave; and Defendants interfered with, ignored,
restrained, deterred Plaintiff due to the FMLA leave request.

114.     Defendants delay, interference, restraint, intimidation and deterrence were
adverse employment action as these actions made Plaintiff reluctant to exercise the
FMLA leave; and Defendants took these adverse employment actions in substantial
part because of Plaintiff's request for FMLA leave.

115.     Defendants did not act in good faith nor did they have an objective,
reasonable ground to believe that their action did not violate the FMLA.

116.     Defendants, by and through its agents and employees, intentionally engaged
in the aforementioned practices, policies, customs and usages made unlawful by the
FMLA due to interference, restraint and deterrence of FMLA rights as Plaintiff
made it known to the Defendants that medical leave under the FMLA may be
required but Defendants interfered and deterred Plaintiff from using such medical
leave by ignoring Plaintiff.

117.     Defendants, acting by and through its employees, maintained policies in
violation of the FMLA for interference, restraint and deterrence of FMLA rights as
they do not enforce their own policies regarding the FMLA but instead ignored
Plaintiff after being placed on notice of the need for medical leave under the FMLA.

118.     As a direct and proximate result of the actions of Defendants is in
violation of the FMLA, Plaintiff has suffered damages including attorney fees,
etc.

119.     Moreover, Plaintiff is entitled to recover liquidated damages under the

FMLA.

120.     Plaintiff is entitled to reasonable attorneys' fees, reasonable expert witness

fees, and other costs of the action pursuant to the FMLA.

121.     Defendants' actions were harsh, oppressive, and malicious, as they not

only had proper notice of Plaintiff's medical condition, but they also had notice as

the cause for medical leave occurred while Plaintiff was at work for Defendants

plus the Defendants instructed Plaintiff to just go see his own doctor or take a

vacation. As a further and proximate cause, Plaintiff has suffered emotional

distress.  The wrongs done by the Defendants were aggravated by the kind of

willfulness, wantonness and malice for which the law allows the imposition of

exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be

determined by the trier of fact to serve as punishment to deter Defendants from

such conduct in similar situations.

122.     Defendants' actions and conduct as described herein and the resulting

damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of

AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to

initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary

attorney's fees.

123.     Plaintiff hereby requests a jury trial.

**COUNT X**
**Retaliation in Violation of the FMLA**

124.     Plaintiff repeats and realleges paragraphs 1 through 5 and 10 through 13

hereof, as if fully set forth herein.

125.    At all relevant times Plaintiff was an employee of Defendants and was qualified.

126.    Plaintiff began working for Defendants on or about September 21, 2015.

127.    At all relevant times Plaintiff was an employee of Defendants and was qualified.

128.    Plaintiff completed all his job duties to a satisfactory level and was qualified for FMLA leave/benefits in 2016, 2017 and 2018.

129.    Plaintiff required medical treatment and recovery time in 2016, 2017 and 2018 due to Defendants' failure to provide Plaintiff with workers compensation benefits.

130.    Plaintiff gave proper notice but was ignored and/or denied.

131.    Defendants retaliated, restrained, intimidated, deterred Plaintiff from using FMLA leave and/or benefits.

132.    Plaintiff requested were based on a good faith, Plaintiff was eligible for FMLA leave; Plaintiff was entitled to FMLA leave; Plaintiff gave Defendants proper notice of the need for leave; and Defendants retaliated and delayed in order to deter Plaintiff due to the medical leave request.

133.    Defendants delay and retaliation were adverse employment action as these actions made Plaintiff reluctant to exercise the FMLA leave; and Defendants took these adverse employment actions in substantial part because of Plaintiff's request for Medical leave.

134.    Defendants did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the FMLA.

135.     Defendants, by and through its agents and employees, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by the FMLA due to retaliation as Plaintiff made it known to the Defendants that medical leave under the FMLA was required but Defendants retaliated and deterred Plaintiff from using such medical leave by delaying and terminating Plaintiff.

136.     Defendants, acting by and through its employees, maintained policies in violation of the FMLA for retaliation as they do not enforce their own policies regarding the FMLA but instead ignored Plaintiff after being placed on notice of the need for medical leave under the FMLA.

137.     As a direct and proximate result of the actions of Defendants is in violation of the FMLA, Plaintiff has suffered damages including attorney fees, etc.

138.     Moreover, Plaintiff is entitled to recover liquidated damages under the FMLA.

139.     Plaintiff is entitled to reasonable attorneys' fees, reasonable expert witness fees, and other costs of the action pursuant to the FMLA.

140.     Defendants' actions were harsh, oppressive, and malicious, as they not only had proper notice of Plaintiff's medical condition, but they also had notice as the cause for medical leave occurred while Plaintiff was at work for Defendants plus the Defendants instructed Plaintiff to just go see his own doctor or take a vacation. As a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by the Defendants were aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of

exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendants from such conduct in similar situations.

141.     Defendants' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

142.     Plaintiff hereby requests a jury trial.

## **REQUEST FOR JURY TRIAL**

143.     Plaintiff demands trial by jury on all issues so triable.

## **EXEMPLARY DAMAGES**

144.     Defendants' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiffs have suffered emotional distress.  The wrongs done by the Defendants was aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages as Defendant ignored Plaintiff for several years knowing that Plaintiff was entitled to benefits and protections under the law and as a sophisticated employer took active steps to deter Plaintiff from benefits, etc. Plaintiffs, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendants from such conduct in similar situations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

145.     Accept jurisdiction over this matter;

146.     Award Plaintiff for past and future loss of wages and benefits, plus interest and/or liquidated damages;

147.     Order Defendants to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits);

148.     Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and

149.     Grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or that may apply under the laws.

Respectfully submitted,
AN Law Firm, P.A.
/s/ Alberto Naranjo
**Email**:        AN@ANLawFirm.com
**Website**: www.anemploymentlaw.com
**Phone**:        (305)942-8070
**Address**:       7900 Oak Lane #400
                   Miami Lakes, FL 33016